IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRANSMARK FUNDING LLC                                    PLAINTIFF

V.                          CAUSE ACTION NO. 3:19-CV-280-DCB-JCG

JENNIFER POLITO                                          DEFENDANT

V.

LANCE STEVENS AND ROBERT GRAHAM, JR.      THIRD-PARTY DEFENDANTS


ORDER

Before the Court is the Plaintiff/Counter-Defendant TransMark Funding LLC, Third-Party Defendant Lance Stevens, and Third-Party Defendant Robert Graham, Jr.'s Motion to Remand (Doc. 8); Defendant Jennifer Polito's Response (Doc. 10); and TransMark Funding LLC's Reply (Doc. 11). For the reasons discussed below, the **Motion to Remand (Doc. 8)** is **GRANTED**.

**Background**

Robert Graham, Jr., as President of TransMark Funding LLC ("TransMark"), and Jennifer Polito ("Polito") signed an Agency Agreement on January 2, 2016. Doc. 8-1, p. 7; Doc. 1-1, pp. 6-12. Specifically, the contract provided that Jennifer Polito of California would serve as the agent for TransMark Funding LLC of Flowood, Mississippi, in administration of TransMark's merchant

cash advance business. Doc. 1-1, p. 6. This contract was terminated by TransMark on June 15, 2018. Doc. 1-1, p. 2. Polito then filed a claim for overtime wages with the State of California, Department of Industrial Relations, Labor Commissioner's Office. Doc. 10, p. 1.

On March 25, 2019, TransMark sued Polito in the Chancery Court of Rankin County, Mississippi, for declaratory judgment and injunctive relief, regarding the parties' contract for services. See Doc. 1-1.

In its suit, TransMark complains that after Polito's contract was terminated, Polito filed a frivolous claim with the California Employment Commission, alleging compensation was due under the contract. Doc. 1-1, p. 2. TransMark alleges that the State of California lacks jurisdiction over the action, and TransMark cites the "Venue/Choice of Law" clause in the contract, which states that any legal controversy regarding the contract or compensation under the contract shall be heard only in Rankin County, Mississippi. Doc. 1-1, pp. 2-3. TransMark contends that the forum selection clause in the contract compels that the matter be heard in state court in Rankin County and that the clause constitutes a waiver of Polito's opportunity to remove the claim to federal court. Doc. 9, p. 4.

Less than one month after TransMark filed its Complaint in the Chancery Court of Rankin County, Mississippi, Polito removed

the action to this Court. Doc. 1. Polito's notice of removal invokes diversity jurisdiction. Doc. 1, p. 2.

On April 20, 2019, Polito made third-party claims against Lance Stevens and Robert Graham, Jr., as co-owners of TransMark, for "unlawful retaliation." Doc. 4, pp. 5-7. Lance Stevens ("Stevens") is the attorney for TransMark, Robert Graham, Jr., and himself. <u>See</u> Doc. 1-1, p. 5; Doc. 8, pp. 4-5; Doc. 11, p. 4. Robert Graham, Jr. ("Graham") is the president of TransMark. Doc. 8-1, p. 7.

Now, TransMark, Stevens, and Graham move the Court to remand the action to the Chancery Court of Rankin County. Doc. 8, p. 3. Herein, the movants will be collectively referred to as "TransMark." TransMark seeks sanctions pursuant to 28 U.S.C. § 1447(c), which allows the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. Doc. 8, p. 3. TransMark seeks sanctions because Polito "was fully advised of the forum selection clause prior to removal of this action" and still removed "improper[ly]." <u>Id.</u>

### Removal Jurisdiction

Polito may remove TransMark's state-court suit to this Court if the suit is one that TransMark could have originally brought in federal court. 28 U.S.C. § 1441(a). Original jurisdiction may be based on diversity or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. And in this case, it is diversity jurisdiction.

3

TransMark is a limited liability company organized under the laws of the State of Mississippi. Doc. 1, p. 2; Doc. 1-1, p. 1. Third-party defendants Stevens and Graham "are Rankin County residents." Doc. 8, p. 1. Jennifer Polito is a resident citizen of Ventura County, California. Doc. 1, p. 3, Doc. 1-1, p. 1.

The Court views the amount in controversy as of the time of removal. Gebbia v. Wal-Mart Stores, 233 F.3d 880, 883 (5th Cir. 2000). The Court therefore looks to TransMark's state-court complaint. However, TransMark does not seek damages in its complaint. See Doc. 1-1. Instead, TransMark seeks declaratory judgment establishing that Polito (1) was an independent contractor and not an employee of TransMark; and (2) is required as a matter of law to adjudicate her claims in Rankin County, Mississippi. Doc. 1-1, pp. 4-5. TransMark also seeks injunctive relief, requiring that Polito withdraw her claim filed in California. Id. TransMark's state-court complaint does not ask for a specific sum, so Polito must prove by a preponderance of the evidence that the amount in controversy is met. De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). Polito may carry this burden in one of two ways. Scarlott v. Nissan N. Am., Inc., 771 F.3d 883, 888 (5th Cir. 2014). She may point to TransMark's state-court complaint and contend that the amount in controversy is "facially apparent" from its four corners. Manguno v. Prudential Prop & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Or, Polito

may offer summary-judgment-type evidence showing that the amount in controversy exceeds the jurisdictional minimum. Id. at 723.

Polito claims that it is apparent from the Chancery Court Complaint that the amount in controversy requirement is satisfied because she alleges in her claim filed with the State of California that the total amount she is owed is $77,726.00. Doc. 1, p. 2.

For purposes of diversity jurisdiction, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir. 1998)(internal quotation marks and citation omitted). As said in the Chancery Court Complaint for declaratory judgment and injunctive relief, TransMark does not seek damages. See Doc. 1-1. The Complaint does not state an amount regarding the value of the right to be protected or the extent of the injury to be prevented. Id. However, 6in the motion to remand, TransMark, Stevens, and Graham "admit that complete diversity of citizenship exists in its original Complaint." Doc. 8, p. 1. While it appears that the amount in controversy is sufficient to establish diversity jurisdiction, the Court would require additional briefing and perhaps additional discovery before coming to the conclusion that the amount in controversy requirement is met, but inasmuch as this case will be remanded for reasons herein stated, this jurisdictional issue will not be addressed.

5

Polito timely filed her notice of removal within 30 days of being served. Doc. 1, p. 2. <u>See</u> 28 U.S.C. § 1446(b)(1).  TransMark timely filed its motion to remand within 30 days after the filing of the notice of removal. <u>See</u> 28 U.S.C. § 1447(c).

**Analysis**

The right of removal is a statutory right. 28 U.S.C. § 1441. However, a party may waive its removal rights by contract even without use of explicit words such as "waiver of right of removal." <u>Collin Cnty. v. Siemens Bus. Servs., Inc.</u>, 250 Fed. Appx. 45, 50-51 (5th Cir. 2007). Contractual clauses must be mandatory, instead of permissive, to waive the statutory right of removal. <u>Id.</u> at 51. TransMark moves to remand based on its allegation that the contract between TransMark and Polito contains a clear and unambiguous forum selection clause on page 6, which states the following language:

> **VENUE/CHOICE OF LAW**
> This contract is made in the State of Mississippi. Its terms shall be interpreted in accordance with the laws of the State of Mississippi. Any legal actions to enforce or interpret the terms of this contract by either party, performance, construction of terms, or to make a claim for damages of any sort, whether contract or tort, at law or in equity, must be filed in a court of appropriate jurisdiction in Rankin County, Mississippi.

Doc. 8-1, p. 6; <u>see</u> Doc. 8, p. 2. Robert Graham, Jr., as President of TransMark, and Jennifer Polito signed this contract on January 2, 2016. Doc. 8-1, p. 7. TransMark states that because there is no

federal courthouse located in Rankin County, Mississippi, the forum selection clause compels that the matter be heard in the Chancery Court. Doc. 8, p. 2. TransMark argues that the forum selection clause in the contract constitutes a waiver of Polito's opportunity to remove the claim to federal court. Id., citing Argyll Equities LLC v. Paolino, 211 Fed. Appx. 317 (5th Cir. 2006) (holding that the forum selection clause in the loan agreement at issue made venue proper only in the court holding proceedings in the referenced county and holding that the federal district court was not in the county referred to in the forum selection clause).

TransMark argues that the Fifth Circuit and numerous trial level courts have held that forum selection clauses are enforceable. Specifically, TransMark alleges, "Where the language is clear and unambiguous, such a clause constitutes a waiver of a Defendant's right to remove a claim to Federal Court if no Federal Court is located in the city or county specifically mentioned in the contract." Doc. 9, p. 3. TransMark cites United States District Judge Louis Guirola, Jr.'s Order in Finnegan v. HW Gulfport Condos, LLC, 2008 WL 80940 (S.D. Miss. Jan. 7, 2008), as support for the contention that a federal courthouse building must exist in the county cited in the contract. In Finnegan, the court analyzed whether the forum selection clause at issue was mandatory or permissive. Id. at *1. The court decided that the forum selection clause merely required that the venue be in Harrison County,

Mississippi. Id. at *2. The United States District Court for the Southern District of Mississippi is in Harrison County, Mississippi. Id. at *2. Therefore, the court found that venue was proper in Harrison County, in federal court, since the forum selection clause did not contain a clear and unequivocal waiver of the right of removal. Id. at *2. However, the action before this Court can be distinguished from Finnegan because there is no federal courthouse in Rankin County, Mississippi.

This case is one of two actions between the parties that were removed to federal court. On June 3, 2019, United States Chief District Judge Daniel P. Jordan III signed an Agreed Order Granting TransMark's Motion to Remand. TransMark Funding LLC v. Jennifer Polito, 3:19-cv-279-DPJ-FKB. Counsel for TransMark notified the Court of the signed Agreed Order of Remand, alleging that the Order was in the companion case addressing the identical contract. The Court analyzes Polito's response to the motion to remand, particularly to discover the basis of Jennifer Polito's objection to TransMark's motion to remand in this action. Although curious as to why Jennifer Polito consented to a remand in one case based upon the same facts, the Court is disinclined to seek additional information through a Show Cause Order inasmuch as the forum selection clause is enforceable.

In her response, Polito states that her claim for violation of the California Labor Code is not based on the theory of breach

of contract, nor does her claim require an interpretation of the contract, performance, construction of terms, or make any claim pursuant to the contract. Doc. 10, pp. 1-2. Polito contends that there is no dispute regarding the contract:

> There is no need for the court to interpret an undisputed fact. However, that fact has no control over whether [Polito] was an employee or independent contractor under the Fair Labor Standards Act or the California Labor Code. Instead, the jury will have to determine the actual facts of the working relationship to make that determination.

Doc. 10, p. 3. TransMark replied to Polito's response, insisting that the merits of the claim for declaratory judgment are not a part of the remand analysis. Doc. 11, p. 2.

Federal law determines whether the Court must enforce a forum selection clause. Lighthouse MGA, L.L.C. v. First Premium Ins. Group, Inc., 448 Fed. Appx. 512, 514 (5th Cir. 2011). Forum selection clauses are presumptively enforceable, and "where a litigant . . . attempts to have a case dismissed based on a contractual provision requiring suit to be filed in state court, the forum-selection clause should be upheld unless the party opposing its enforcement can show that the clause is unreasonable." Id. at 514. For the Court to deem unreasonable the clause at issue, Polito must make a "clear showing" that:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

Id. at 514 (citing Haynsworth v. The Corp., 121 F.3d 956, 963 (5th Cir. 1997)). Polito makes no such argument. And, the clause in the contract states in clear and unambiguous language that "[a]ny legal actions to enforce or interpret the terms of this contract . . . or make a claim for damages of any sort . . . must be filed in a court of appropriate jurisdiction in Rankin County, Mississippi." Doc. 1-1, p. 11 (emphasis added). The Court therefore finds that Polito waived her right to remove to this Court. The action shall be remanded to the Chancery Court of Rankin County, Mississippi.

As to the issue of sanctions pursuant to 28 U.S.C. § 1447(c), the Court will take the matter under advisement. The Court will allow thirty (30) additional days within entry of this Order for the movants to file further briefing on this issue, to which Jennifer Polito may respond.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff/Counter-Defendant, TransMark Funding LLC, Third-Party Defendant Lance Stevens, and

Third-Party Defendant Robert Graham, Jr.'s **Motion to Remand (Doc. 8)** is **GRANTED.**

    IT IS FURTHER ORDERED that within thirty (30) days of entry of this Order, TransMark, Stevens, and Graham shall file further briefing on the matter of sanctions pursuant to 28 U.S.C. § 1447(c).

    SO ORDERED this the 27th day of June, 2019.

     /s/ David Bramlette     
UNITED STATES DISTRICT JUDGE
